IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD D. GADDIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 18-CV-1729-SMY |
| | ) |
| **BRYAN J. DEMATTEI, CITY OF** | ) |
| **MARION, DAWN TONDINI, DOROTHY** | ) |
| **MCCOMBS, CAMERON DUNFORD,** | ) |
| **LOGAN SPINKA, WILLIAM LANNOM,** | ) |
| **CHARLES WINSTEAD,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now pending before the Court is Defendant Charles Winstead's Motion for Judgment on the Pleadings (Doc. 46) to which Plaintiff Donald D. Gaddis has not responded.[1] For the following reasons, the Motion is **DENIED**.

Gaddis makes the following allegations in the Complaint: On October 20, 2017, Winstead, Plaintiff's neighbor, "made statements to the police officers with the intent and purpose of procuring the Plaintiff's arrest" (Doc. 1, ¶ 17). These included false statements that he was acting in an alarming, disturbing, and aggressive manner (*Id.* ¶ 34). Winstead allegedly made these statements with an intent to harm Gaddis, in order to gain "leverage" over him, and to embarrass him (*Id.* ¶ 36). Gaddis was subsequently arrested for disorderly conduct without probable cause

---

[1] Pursuant to Local Rule 7.1(c), the "[f]ailure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion." SDIL–LR 7.1(c). Here, while Plaintiff failed to respond to Defendants Rule 12(c) motion, given the clear existence of disputed material facts, the Court will not consider Plaintiff's failure as an admission of the merits.

as a result of Winstead's statements and the statements of his other neighbors, Dorothy McCombs and Cameron Dunford (*Id.* ¶ 23). The incident caused a deprivation of his liberty, loss of reputation, and emotional distress (*Id.* ¶ 37).

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a 12(b)(6) motion to dismiss for failure to state a claim. *Adams v. City of Indianapolis,* 742 F.3d 720, 727–28 (7th Cir. 2014). That is, facts are viewed in the light most favorable to the nonmoving party, and the motion will be granted "only if it appears beyond doubt that the [nonmovant] cannot prove any facts that would support his claim for relief." *Buchanan–Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009). The moving party must demonstrate that there are no material issues of fact to be resolved. *Moss v. Martin,* 473 F.3d 694, 698 (7th Cir. 2007).

Winstead argues that Gaddis fails to state a claim for false arrest because there is no allegation that Winstead "caused or procured" his arrest. In order to prevail on a false arrest or false imprisonment claim, a plaintiff must demonstrate that: "(1) [he] was restrained or arrested by the defendant; and (2) the defendant acted without reasonable grounds to believe that the plaintiff committed an offense." *Arey v. K-Way, Inc.*, 728 N.E.2d 743, 746 (Il. App. Ct. 2000). "An arrest caused or procured by a private person is the same as an arrest by the private person." *Id*.

Gaddis alleges that Winstead made false statements to the police about his behavior and that he was subsequently arrested for disorderly conduct. Pointing to an offense report dated October 20, 2017, Winstead argues that he "merely provided factual statements of [his] interactions with the Plaintiff" and the police officers made an independent decision to arrest Gaddis. Even if this Court were to consider the police report, it would only create a material issue of fact that cannot be resolved on a Rule 12(c) motion.

Accordingly, the Motion for Judgment on the Pleadings (Doc. 46) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 22, 2020**

**STACI M. YANDLE**
**United States District Judge**